**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEW JERSEY**
MITCHELL H. COHEN U.S. COURTHOUSE
401 Market Street
P.O. BOX 2067
CAMDEN, NJ 08101-2067

Andrew B. Altenburg, Jr.　　　　　　　DEC 10 2018　　　　　　　　　　　(856) 361-2320
U.S. BANKRUPTCY JUDGE

U.S. BANKRUPTCY COURT
CAMDEN, N.J.
BY_____ DEPUTY

Mr. Robert W. Knaak　　　　　　　　　　　　　Lawrence P. Maher, Esq.
413 Pine Avenue　　　　　　　　　　　　　　　Greenbaum, Rowe, Smith, Ravin, Davis
Egg Harbor Twp, NJ 08234　　　　　　　　　　Metro Corporate Campus One
　　　　　　　　　　　　　　　　　　　　　　　PO Box 5600
　　　　　　　　　　　　　　　　　　　　　　　Woodbridge, NJ 07095-0988

　　　RE: **Knaak v. Wells Fargo Bank, N.A.**
　　　　　Adv. Pro. No. 18-1533-ABA

## MEMORANDUM DECISION

Dear Mr. Knaak and Mr. Maher:

　　　This matter was brought before the court on November 9, 2018 by defendant Wells Fargo Bank, N.A.'s Motion to Dismiss Adversary Proceeding. Doc. No. 3 (the "Motion"). Mr. Knaak replied on November 13, 2018. Doc. No. 4. Wells Fargo then filed a Certification in Support and a Certification in Response. Doc. Nos. 7, 8.

　　　Following a hearing held December 4, 2018 on the Motion, the court took this matter under advisement. This matter is now ripe for disposition. The following constitutes this court's findings of fact and conclusions of law as required by Federal Rule of Bankruptcy Procedure 7052.

　　　In his complaint, Mr. Knaak complains about irregularities with defendant Wells Fargo Bank, N.A.'s ("Wells Fargo") proof of claim ("Claim #2") that he claims eliminates its legal standing and right to file any pleadings in this court in this case. Doc. No. 1 (the "Complaint) at ¶ 7. First, Mr. Knaak alleges that though Wells Fargo checked that the claim was not acquired from someone else, it was in fact acquired from Wachovia Bank, N.A. when Wells Fargo acquired Wachovia. Second, he complains that the proof of claim asserts an unsecured claim, when he believes it is secured. Third, he complains that Christopher Ford, who filed the proof of claim, is an attorney rather than an individual with authority as an officer of Wells Fargo. Mr. Knaak asks that this court strike the alleged secured creditor and its proof of claim, and enter an order prohibiting Mr. Ford from certifying documents for his clients and to report Mr. Ford to the New Jersey Bar and American Bar Association or any other sanctions or orders as the court deems just and proper.

Wells Fargo argues that the Complaint fails to set forth any allegations that would justify striking the proof of claim, it does not state a claim upon which relief can be granted under Federal Rule of Civil Procedure 12(b)(6), and as none of Mr. Knaak's allegations are true, they cannot justify the relief he seeks. As will be explained, none of these allegations, even if true, support the relief he seeks and/or invalidating the proof of claim.

### 1. **The "Acquired From" Argument**

Mr. Knaak challenges the proof of claim of Wells Fargo because he alleges that it incorrectly states at Part 1.2 that Wells Fargo did not acquire this loan from another entity. Complaint ¶ 12. As the court understands it, the purpose of Part 1.2 is so that the creditor filing the proof of claim can provide information to clarify a difference between the proof of claim and the creditor's claim as scheduled by a debtor. Oftentimes, a debtor may schedule one entity as holding a certain claim when in fact the claim has been transferred to another entity. The debtor may not be familiar with that creditor or possess incorrect information about it. Part 1.2 assists in generating more complete and accurate claims and simply allows the court and the parties to understand who the proper creditor is if the proof of claim and the debtor's schedules do not match up. Simply put, Part 1.2 helps with efficient case administration, it does not however, go to the heart of a claim.

The court was unable to uncover, and Mr. Knaak did not provide, any case law or other treatise that supports Mr. Knaak's purported theory that the failure to complete Part 1.2 on the proof of claim warrants disallowance of the claim in the case or worse, in its entirety. Likewise, nothing supports the theory that a simple clerical error can result in a finding of a lack of standing. Especially in this case, such drastic remedies would be unwarranted and result in an illogical consequence. To conclude that because Part 1.2 of the proof of claim was not completed, Wells Fargo lacks standing and/or its claim should be disallowed in this case would yield a result not supported by law or fact. Mr. Knaak is fully aware (without the need for it to file a proof of claim) that Wells Fargo is successor by merger to Wachovia Bank, N.A. and has been for some time. Indeed, he admits to it. *See* Complaint ¶ 11. In addition, Mr. Knaak scheduled Wells Fargo, not Wachovia, as the appropriate secured creditor on Schedule A to his bankruptcy petition. Mr. Knaak has testified in court that he or his LLC has and continues to make payments directly to Wells Fargo (not Wachovia). In fact, in his *Response and Objection to Defendant's Motion to Dismiss the Complaint* (Doc. No. 4), Mr. Knaak specifically acknowledges that he or his LLC is making monthly payments and Wells Fargo, the "rightfully secured successor of initial creditor is accepting the monthly payments" is accepting them. *Id.* at ¶ 1. Clearly, Mr. Knaak is fully aware of who the proper creditor is, therefore the alleged defect in the proof of claim at Part 1.2, which purpose is to prevent confusion about who the proper creditor is, is of no impact. Nothing convinces this court that a failure to accurately complete Part 1.2 of the proof of claim would warrant a disallowance of the claim or a finding of a lack of standing in this case.

In addition, Wells Fargo argues that as a matter of law, all of the assets and liabilities of Wachovia were merged into Wells Fargo. The National Banking Act provides regarding the merger of national banks:

> The corporate existence of each of the merging banks or banking associations participating in such merger shall be merged into and continued in the receiving association and such receiving association shall be deemed to be the same corporation as each bank or banking association participating in the merger. All rights, franchises, and interests of the individual merging banks or banking associations in and to every type of property (real, personal, and mixed) and choses in action shall be transferred to and vested in the receiving association by virtue of such merger without any deed or other transfer. The receiving association, upon the merger and without any order or other action on the part of any court or otherwise, shall hold and enjoy all rights of property, franchises, and interests, . . . in the same manner and to the same extent as such rights, franchises, and interests were held or enjoyed by any one of the merging banks or banking associations at the time of the merger, subject to the conditions hereinafter provided.

12 U.S.C. § 215a(e). *Lilac Grp.-W Scranton Corp. v. Wells Fargo Bank, NA*, 15-CV-9313 (KMK), 2017 WL 1192892, at *9 (S.D.N.Y. Mar. 29, 2017) ("Therefore, Wells Fargo assumed all of the rights, liabilities, and obligations of Wachovia as a result of its merger with Wachovia pursuant to § 215a."). Thus, no transfer of the guaranty from Wachovia to Wells Fargo was necessary to give Wells Fargo, the receiving corporation, the right to enforce the guaranty against Mr. Knaak. *See In re Lovett*, 560 B.R. 372, 374 (Bankr. M.D. Ga. 2016) ("Under the National Banking Act, the successor bank in a merger between national banks is deemed to be the same corporation as each of the merging banks, and the 'corporate existence of each of the merging banks' continues in the successor bank.").

Wells Fargo has standing in this case and any failure to accurately complete Part 1.2 of its proof of claim, if even necessary, would not warrant disallowance of its claim. Mr. Knaak is fully aware of this creditor and continues to do business with it. The allegations in the Complaint as to this issue are unfounded and unsupported by the facts and law and the Complaint must be dismissed with regard thereto.

### 2. The "Unsecured Claim" Argument

Mr. Knaak complained that the proof of claim asserts an unsecured claim, when he believes it is secured. The court notes that the proof of claim at issue was filed by Wells Fargo Bank as an unsecured claim in the amount of $686,411. *See* Claim #2. The claim attaches a Promissory Note executed between the Knaak Family Real Estate Holdings, LLC (the "LLC") and Wachovia Bank, dated December 18, 2007, for $1,050,000. The loan maturity date was December 18, 2017. The note was signed by Sarah Knaak, Robert Knaak [Sr.], and Mr. Knaak, all as members of the LLC. The claim also attaches an Unconditional Guaranty dated December 17, 2007 with Sarah Knaak and Mr. Knaak as guarantors. The Guaranty states that it "is a continuing and unconditional guaranty of payment and performance and not of collection." Proof of Claim, Unconditional Guaranty, p. 1. There is no provision for resort to any collateral owned by the guarantors. Default under the guaranty also includes the filing of bankruptcy by or against a guarantor. *Id.*, p. 3.

At the hearing, Mr. Knaak acknowledged that his liability arises solely from the guaranty executed by him in connection with the loan made to the LLC. Mr. Knaak further admitted at the hearing on the Motion to Dismiss that the guaranty was not secured by any property, real or

personal, owned by him personally. Indeed, the documents attached to the proof of claim indicate that Mr. Knaak signed the loan agreement only as a member of the LLC. That the LLC granted a mortgage to secure the loan on property owned solely by it does not make the guaranty a secured obligation. *See Freedom Mortg. Corp. v. Burnham Mortg., Inc.*, 2006 WL 695467, at * 12 (N.D. Ill. Mar. 13, 2006) ("[A] guaranty is a "third contract," separate from the note and the mortgage, and . . . liability of guarantors is determined from the instrument of guaranty itself."), *rev'd on other grnds*, 569 F.3d 667 (7th Cir. 2009). A proof of claim relates only to the liability of the debtor, here, Mr. Knaak. Wells Fargo has no special assurance of payment from or lien against property owned by Mr. Knaak individually. Thus, Wells Fargo's claim against Mr. Knaak personally is *unsecured*. Accordingly, designating the claim as unsecured is accurate and Wells Fargo's proof of claim is not defective in this regard. Moreover, even were this claim secured, wrongly indicating that it is unsecured on a proof of claim is not the type of error that supports disallowing a claim or a finding of a lack of standing.

To the extent that Mr. Knaak is suggesting that Wells Fargo does not have a claim against him (and therefore does not have standing) because the debt he guaranteed is not in default, such a suggestion would be misplaced. The Bankruptcy Code defines a claim as a "right to payment, whether or not such right is reduced to judgment, liquidated, unliquidated, fixed, contingent, matured, unmatured, disputed, undisputed, legal, equitable, secured, or unsecured. . . ." 11 U.S.C. § 101(5). Nothing requires that the claim be in default. Moreover, "standing is generally an inquiry about the plaintiff: is this the right person to bring this claim." *Davis v. Wells Fargo*, 824 F.3d 333, 348 (3d Cir. 2016). Mr. Knaak does not dispute that Wells Fargo holds his mortgage, *Grant-Covert v. Wells Fargo Bank, N.A.*, 15-6018 (NLH), 2016 WL 901081, at *3 (D.N.J. Mar. 9, 2016) ("It is well established in New Jersey that either possession of the note or an assignment of the mortgage that predated the original complaint confers standing on a party."), *aff'd* (Oct. 6, 2016), only that the mortgage is not in default, a fact that Wells Fargo disputes and has standing as holder of the claim to dispute. An entity with a claim against a debtor, *even a claim the debtor disputes*, has standing to protect its interests in a bankruptcy case. *In re Terry*, BR 13-14780-MDC, 2015 WL 1321486, at *3 (Bankr. E.D. Pa. Mar. 13, 2015) (parties in interest may object to a plan, citing 11 U.S.C. § 1324(a)); *In re Jensen*, 369 B.R. 210, 230 (Bankr. E.D. Pa. 2007).

In sum, Wells Fargo has standing in this case to assert an unsecured proof of claim as the claim is not secured by any property owned by Mr. Knaak individually. Whether the obligation is or is not in default or is disputed is of no import. The Bankruptcy Code's broad definition of the term "claim" encompasses Wells Fargo's claim in this case. Mr. Knaak's misplaced argument cannot result in a disallowance of its claim. The allegations in the Complaint as to this issue are unfounded and unsupported by the facts and law and the Complaint must be dismissed with regard thereto.

### 3.    The Christopher Ford Argument

Mr. Knaak, with little more than a misguided assumption, claims that Christopher Ford is an attorney for Credit Management Group. He attaches two printouts showing two different "Christopher Ford" attorneys with their bar numbers. Mr. Knaak asserted that Mr. Ford cannot work both for Credit Management and Wells Fargo, states (without supporting documents) that Credit Management is a separate entity with a different tax number than Wells Fargo, and stated that he receives statements from Wells Fargo, not Credit Management.

Wells Fargo replied through a certification of Mr. Ford that he is employed by Wells Fargo, not Credit Management, and that he is not an attorney. Mr. Ford's email address is disclosed as christopher.ford@wellsfargo.com. It is clear to the court from the Proof of Claim filed that Mr. Ford is a Wells Fargo employee, working in its credit management group. Mr. Knaak's finding two attorneys licensed in the State of New Jersey with the same name does not disprove this fact. He produced nothing else at the hearing to refute Mr. Ford's certification made under penalty of perjury.

In addition, as with his other allegations, this one is not sufficient to negate the *prima facie* validity of the filed claim. As the check boxes in Part 3 of the Proof of Claim suggest, a creditor, its attorney or its authorized agent may file a proof of claim on behalf of a creditor. It does not matter whether Mr. Ford is the creditor's attorney or its authorized agent—either can file the proof of claim for Wells Fargo. Thus, in addition, reporting Mr. Ford to any ethics panel is not appropriate and dismissal of the Complaint as it pertains to these allegation s is warranted.

Mr. Knaak having not stated any claims in his complaint that entitle him to relief and/or disallowance of the proof of claim, and any amendment to the Complaint as to its allegations would be futile, Wells Fargo's Motion to Dismiss the Complaint will be granted.[1]

In addition, the court notes that Wells Fargo's unsecured claim in the amount of $686,411 puts Mr. Knaak over the debt limit for filing a chapter 13 case. Only an individual owing less than $394,725 in noncontingent, liquidated, unsecured debts may be a debtor under chapter 13. 11 U.S.C. § 109(e). Mr. Knaak will be afforded 14 days to convert his case to another chapter for which he is eligible, else the court will dismiss his case as he is ineligible to proceed under chapter 13.

The court reserves the right to further supplement its findings of fact and conclusions of law.

An appropriate judgment has been entered consistent with this decision and is enclosed.

/s/ Andrew B. Altenburg, Jr.
United States Bankruptcy Judge

Dated: December 10, 2018

---

[1] At the hearing, Mr. Knaak raised for the first time that the underlying note is "defective" because the maturity date was changed after the closing. As this claim was not included in the complaint, and the court is granting Wells Fargo's Motion to Dismiss the complaint, any relief sought by Mr. Knaak on this ground must be brought anew.